IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a foreign corporation,<br>    *Plaintiff*,<br><br>v.<br><br>BEYL-DAVENPORT HOUSE MOVING, INC., an Oklahoma corporation, and DENNIS BEYL, an individual,<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:18-civ-269-D |

## ORDER

Before the Court is the Motion for Summary Judgment [Doc. No. 12] filed by The Travelers Indemnity Company of Connecticut (the "Plaintiff") pursuant to Fed. R. Civ. P. 56(a). Defendants Dennis Beyl ("Defendant Beyl") and Beyl-Davenport House Moving, Inc., ("Beyl-Davenport") (collectively "Defendants") filed a Response in Opposition and Brief in Response [Doc. No. 19], to which Plaintiff has replied [Doc. No. 20].

## BACKGROUND

The following are undisputed facts unless otherwise indicated. The instant action arises out of an automobile accident on October 26, 2016 in Perry, Oklahoma. Motion at 2. Beyl-Davenport has an insurance policy with Plaintiff ("Policy") providing uninsured motorist coverage to anyone occupying a "covered auto" or a temporary substitute for a "covered auto." *Id*. For an insured to be covered under the policy in a temporary substitute for a covered auto, the "covered 'auto' must be out of service because of its breakdown, repair, servicing, 'loss' or destruction." *Id*. at 3. At the time of the accident,

1

the Policy identified five "covered autos," among them a 1981 Kenworth semi-truck ("Kenworth"). *Id.* Defendant Beyl's personal vehicle, a 2006 GMC Sierra ("GMC"), was not listed as a covered auto under the policy. *Id.* at 5.

Defendant Beyl owns and operates Beyl-Davenport. *Id.* at 2. Beyl-Davenport moves homes and other large structures. *Id*. In the Fall of 2016, Beyl-Davenport was hired to move a historic home to a museum site in Perry, Oklahoma. *Id.* The move was scheduled for October 27, 2016. *Id.* In preparation for the scheduled move, on October 26, 2016, Defendant Beyl, acting within the scope of his employment, intended to drive the route he would follow the next day. *Id*. On October 26, all covered autos were in Perry, Oklahoma, being readied to make the move. *Id.* at 6. More precisely, however, the Kenworth—a covered auto—was at Sooner Corner Truck and Tire Repair Center being serviced and repaired so the Kenworth could pass an inspection by the Department of Transportation. Response at 2.

Because the Kenworth was at Sooner Corner for servicing and repairs, Defendant Beyl chose to use his personal truck, the GMC, to drive his scheduled route for the next day's move. *Id.* Had the Kenworth not been in the shop, Defendant Beyl indicates that the Kenworth would have been used on the preparatory drive. Response at 5.[1] As Defendant Beyl set out on this drive, the GMC experienced mechanical problems, which prompted Defendant Beyl to drive the GMC to a mechanic shop for repairs. Motion at 5.

---

[1] This fact is contested by Plaintiff, although no contrary evidence was submitted.

Once at the shop, Defendant Beyl called Brett Powers ("Powers") to pick him up so they could continue the preparatory drive as Defendant Beyl had intended from the outset. *Id*. Powers picked Defendant Beyl up in a 1995 Ford Explorer ("Explorer"), not listed as a covered auto under the Policy. Response at 2. While on the drive in the Explorer, Powers and Defendant Beyl were involved in a collision, after which Defendant Beyl presented a claim for underinsured motorist benefits under the Policy. Response at 2. Plaintiff responded by filing this declaratory judgment action.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105 (10th Cir. 2016). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," *Anderson*, 477 U.S. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Although the Court views all facts in the light most favorable to the nonmoving party at the summary judgment stage,

"there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

## DISCUSSION

Plaintiff now moves for summary judgment, asking the Court to find, as a matter of law, that because Defendant Beyl was not occupying a covered auto or temporary substitute under the Policy at the time of the accident, coverage does not apply. Motion at 8.

The interpretation of an insurance contract is governed by state law and, sitting in diversity, the Court looks to the law of the forum state. *See Braun v. Annesley*, 936 F.2d 1105, 1108 (10th Cir. 1991).

"Under Oklahoma law related to insurance contracts, '[t]he terms of the parties' contract, if unambiguous . . . are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intentions of the parties as it existed at the time of the contract.'" *Am. Cas. Co. v. Fed. Deposit Ins. Corp.,* 958 F.2d 324, 326 (10th Cir. 1992) (quoting *Dodson v. St. Paul Ins. Co*., 812 P.2d 372, 376 (Okla. 1991)). Where a genuine ambiguity exists in an insurance policy, Oklahoma courts will interpret the contract against the carrier. *See Hous. Gen. Ins. Co. v. Am. Fence Co.,* 115 F.3d 805, 806 (10th Cir. 1997) (citing to *Dodson*, 812 P.2d at 376). The parties agree that no ambiguity exists here, and the Court finds none. Motion at 10; Response at 6.

Guided by state law, the Tenth Circuit has indicated that the key to interpreting a temporary substitute automobile provision lies in the purpose behind such provisions. *Hous. Gen*., 115 F.3d at 806 (interpreting Oklahoma law). Although the Tenth Circuit

was unable to locate an Oklahoma decision which explicitly sets forth the purpose, and this Court likewise cannot, "courts that have considered the matter in other jurisdictions appear to [agree]." *Id.* at 807.

"The objective of the substitution provision is to afford temporary coverage to an insured who is using a borrowed vehicle because he or she is unable to use the vehicle designated in the policy for one of the specified reasons." *Id.* (collecting cases from many jurisdictions and citing to multiple authorities). "It has been repeatedly said that the purpose of a substitute automobile provision is not to defeat liability but, rather, to provide additional coverage for the insured yet reasonably define coverage by limiting the insurer's risk to one operating vehicle at a time for a single premium." *Id.* (collecting cases). Oklahoma law provides some guidance on the limits to the insurer's risk. To be a temporary substitute, there must be evidence that the covered auto would have been used on the trip in question. *State ex rel. Crawford v. Indem. Underwriters Ins. Co.*, 1997 OK CIV APP 37, ¶ 13, 943 P.2d 167, 171, as corrected (July 3, 1997) (finding an auto was not a temporary substitute where there "was no evidence that the [covered auto] would have been used for the trip in question.").

There is no dispute that the GMC—not covered—was a temporary substitute under the Policy for the Kenworth—a covered auto. Reply at 2. But Plaintiff argues that the Explorer—not a covered auto—was a temporary substitute for the GMC—also not a covered auto. *Id.* It was because the GMC was experiencing mechanical problems that Defendant Beyl was in the Explorer. *Id.* As such, Plaintiff contends, the Explorer was not a temporary substitute under the Policy, and coverage does not apply. *Id.* Defendants

5

contend that the Explorer was a temporary substitute for the Kenworth, which was being serviced and repaired at the time of the collision. Response at 2.

In *Houston General Insurance v. American Fence,* the Tenth Circuit concluded that a temporary substitution provision did not cover an auto because "there [was] no indication that the vehicle involved in the accident [] was being used in place of the covered vehicle []. On the contrary, the very nature of the task that the insured was seeking to accomplish required the use of both vehicles." 115 F.3d at 808. In *Houston General*, rather "than being used in place of the insured vehicle, [another vehicle] was being used in addition to it for reasons of convenience." *Id.* The case at hand is distinctly unlike *Houston General* in that the GMC and the Explorer were never used, or intended to be used, concurrently. Although the Court does not purport to conclude that the Explorer was a temporary substitute,[2] on the record submitted, the Court likewise cannot say that, as a matter of law, the Explorer was not covered by the temporary substitute provision.

Allowing for the temporary substitute provision to reach the Explorer would not be contrary to the rationale underlying temporary substitute provisions, nor would be it contrary to the plain language of the contract. *See id*.

---

[2] This is so because Defendants have not moved for summary judgment, and Defendant Beyl's intent to drive the Kenworth on the date of the accident is contested by Plaintiff.

In light of the way the Explorer and the GMC were used in this case, the insurer's risk was always limited to "one operating vehicle at a time for a single premium." *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Nationwide Mut. Ins. Co.,* 558 A.2d 1244, 1246 (Md. Ct. Spec. App. 1989) (finding no substitute coverage for a second rental vehicle that was being used by the insured to return the first—covered—rental vehicle but noting that had the insured returned the covered vehicle and thereafter rented another vehicle, that second vehicle would have been covered under a temporary substitute provision.)).

Thus, on the present summary judgment record, the Court cannot find as a matter of law that the Explorer was not a temporary substitute for a covered auto under the Policy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED** this 23rd day of September, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge